# IN THE COURT OF APPEALS OF IOWA

No. 15-2036
Filed June 7, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARCEL ROSE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Andrea J. Dryer, Judge.

Defendant appeals the trial court's ruling admitting testimony related to the defendant's alleged prior bad act of domestic violence. **AFFIRMED.**

Jessica A. Millage of Millage Law Firm, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., Potterfield, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**POTTERFIELD, Judge.**

Marcel Rose appeals the district court's decision to admit testimony related to an alleged prior act of domestic abuse. Because the testimony is relevant to the intent element of the crime and the defendant's defenses, the prior act is supported by clear proof, and the prejudicial effect does not substantially outweigh the probative value, we affirm.

## I. Background Facts and Proceedings.

Marcel Rose and Amanda Guzzle resided together and were involved in a romantic relationship. Rose and Guzzle knew a mutual acquaintance, Sarah Medina. On July 6, 2015, Rose and Guzzle were alone at Medina's residence in the living room when they began to argue. The argument then turned physical, and according to Guzzle's testimony, she ended up on the couch with Rose on top of her. Guzzle covered her face because she did not want Rose to hit her, and she subsequently "felt [her] ribs crack." Even after Guzzle felt the blow to her ribs, Rose remained on top of her, and she struggled to breathe. Guzzle did not alert authorities or seek medical attention. The pain in her chest and shortness of breath continued for at least the next twenty-four hours.

The following day, Rose called 911 and claimed Guzzle assaulted him. Authorities were sent to the location, but Rose had left by the time they arrived. Guzzle was still at the scene. Guzzle told police she was suffering from pain and shortness of breath. She was then taken to the hospital where medical personnel confirmed Guzzle had five broken ribs and a punctured lung. She eventually told the police that Rose caused the injuries.

On July 16, 2015, the State charged Rose by trial information with one count of assault causing serious injury and one count of domestic abuse assault causing injury, pursuant to Iowa Code sections 708.2(4)[1] and 708.2A(3)(b)[2] (2015), respectively. The State and Rose filed motions in limine to exclude certain evidence. The State sought to exclude, in part, evidence related to Guzzle's methamphetamine use. The defendant's motion in limine was centered on testimony related to an alleged prior domestic assault of Guzzle by Rose. Guzzle claimed that a few days before she was struck in the ribs, Rose approached her and punched her in the face at her friend's house. She also

---

[1] The penalties associated with section 708.2(4) are based on the following assault definition:

> 2. A person commits an assault when, without justification, the person does any of the following:
> a. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
> b. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.
> c. Intentionally points any firearm toward another, or displays in a threatening manner.

Iowa Code § 708.1(2).

[2] "For the purposes of this chapter, 'domestic abuse assault' means an assault, as defined in section 708.1, which is domestic abuse as defined in section 236.2, subsection 2, paragraph 'a', 'b', 'c', or 'd'." Iowa Code § 708.2A(1). Section 236.2 states in relevant part:

> "Domestic abuse" means committing assault as defined in section 708.1 under any of the following circumstances:
> a. The assault is between family or household members who resided together at the time of the assault.
> b. The assault is between separated spouses or persons divorced from each other and not residing together at the time of the assault.
> c. The assault is between persons who are parents of the same minor child, regardless of whether they have been married or have lived together at any time.
> d. The assault is between persons who have been family or household members residing together within the past year and are not residing together at the time of the assault.

Iowa Code § 236.2(2)(a)–(d).

stated Rose "kicked all my stuff all over, broke my sunglasses, stomped on them, then made me sit down and wait for him." Guzzle stated she did not call the police after the incident.

The court held a hearing on the matter, and the State made an offer of proof of Guzzle's testimony about the event. The court ruled testimony related to the alleged assault was admissible. The court determined the testimony elicited in the offer of proof was sufficient to establish clear proof of the incident because it was "fairly clear and specific," and the evidence is "relevant to how the relationship between the parties affects their credibility." The court went on to exclude testimony about more general accusations of prior domestic abuse because "[t]here was not clear evidence offered."

At trial, Rose generally denied the charges. He claimed another individual caused Guzzle's injuries during a fight between Rose and the other person. In the alternative, he suggested Guzzle's erratic behavior as a methamphetamine user caused the injuries. He also attacked the credibility of Guzzle's testimony, arguing her statements were inconsistent

The jury found Rose guilty of assault causing bodily injury—a lesser-included offense of count one—and count two, domestic abuse assault causing injury. Rose appealed.

## II. Standard of Review.

We review a trial court's ruling on the admissibility of evidence for an abuse of discretion. *State v. Taylor*, 689 N.W.2d 116, 124 (Iowa 2004).

**III. Discussion.**

Rose argues the district court erred in allowing Guzzle and Medina to testify Rose previously assaulted Guzzle.  He claims (1) the evidence was inadmissible based on relevance, (2) the evidence was not supported by clear proof, and (3) the testimony unfairly prejudiced Rose.

Under Iowa Rule of Evidence 5.404(b)(1), "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Such evidence, however, "may be admissible for another purpose such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Iowa R. Evid. 5.404(b)(2).

In order to evaluate the admissibility of prior-bad-acts evidence, we determine whether: (1) "the evidence is relevant to a legitimate, disputed factual issue"; (2) there is "clear proof the individual against whom the evidence is offered committed the bad act or crime"[3]; and (3) the "probative value is substantially outweighed by the danger of unfair prejudice to the defendant." *Putman*, 848 N.W.2d at 9.

Rose first claims the testimony regarding the alleged prior assault on Guzzle was not relevant to the question whether he assaulted her and caused the rib fractures as charged.  The State argues Rose's denial of the crime

---

[3] Our supreme court clarified that the clear-proof requirement is an independent step in the prior-bad-acts analysis, but it is also a factor under the prejudice prong in that a finding of clear proof supports admission.  *See State v. Putman*, 848 N.W.2d 1, 14 (Iowa 2014) ("For purposes of clarity and consistency, whether clear proof exists should remain as part of the balancing process, in addition to being analyzed as an independent analytical step.").

required the State to prove every element, including intent; accordingly, testimony related to Rose's prior assault on Guzzle was relevant to establish intent.

"Evidence is relevant if: (a) It has any tendency to make a fact more or less probable than it would be without the evidence; and (b) The fact is of consequence in determining the action." Iowa R. Evid. 5.401. Generally, "[t]he test to determine if evidence is relevant is 'whether a reasonable [person] might believe the probability of the truth of the consequential fact to be different if [such person] knew of the proffered evidence.'" *State v. Alberts*, 722 N.W.2d 402, 410 (Iowa 2006) (alterations in original) (quoting *State v. Plaster*, 424 N.W.2d 226, 229 (Iowa 1988)). In the context of domestic violence, evidence of prior abuse in the relationship is relevant to support the intent element and negate alternative theories as to the cause of the injuries. *See Taylor*, 689 N.W.2d at 128 ("The defendant's prior acts of violence toward his wife . . . reflect his emotional relationship with his wife, which as our discussion shows, is a circumstance relevant to his motive and intent on the day in question."); *State v. White*, 668 N.W.2d 850, 854 (Iowa 2003) ("[Defendant's] prior acts of banging [victim's] head against a wall and threatening to shoot her are undoubtedly relevant to the charges before us. Evidence of [defendant's] prior intentional, violent acts toward the victim, aggravated by his prior death threats, makes it more probable [defendant] intended to cause [victim's] serious injury on the day in question."); *State v. Mitchell*, 670 N.W.2d 416, 422 (Iowa 2003) (holding evidence of prior acts was admissible to refute defense theory). Evidence regarding prior acts is

also relevant if it reflects on the credibility of a witness. *See Mitchell*, 670 N.W.2d at 411.

Here, Rose denied the charges on several grounds, putting at issue all the elements of the crime, including his identity and intent. Rose also attacked the credibility of Guzzle by arguing her statements were inconsistent. Rose claimed the injuries sustained by Guzzle were caused by another person. He also argued Guzzle's erratic behavior due to her methamphetamine use could have caused the injuries. In addition to the trial court's determination that the facts surrounding the alleged event are "relevant to how the relationship between the parties affects their credibility," we believe the testimony from Guzzle regarding the prior assault had a tendency to prove identity and intent. The testimony was probative on the intent element that Rose "intended to cause pain or injury." Accordingly, the admission of the prior-bad-act testimony was within the trial court's discretion in determining relevance.

Clear proof must also establish the prior act before the State can offer evidence of it. Rose argues clear proof was not established because the State failed to introduce evidence of an arrest, prosecution, police report, photograph, video, or medical record supporting the testimony about the alleged assault. Rose, however, misstates the standard for clear proof. "[P]roof of prior bad acts is clear if it prevents the jury from speculating or inferring from mere suspicion." *Putman*, 848 N.W.2d at 13. "The prior act need not be established beyond a reasonable doubt, and corroboration is unnecessary." *Id.* at 9; *see also State v. Rodriquez*, 636 N.W.2d 234, 243 (Iowa 2001) (holding the victim's testimony combined with corroborating testimony established clear proof). For example,

testimony from a credible witness can establish clear proof. *Putman*, 848 N.W.2d at 9. Here Guzzle's credible testimony of the events—as determined by the judge in the offer of proof—combined with Medina's corroborating testimony, prevented the jury from "speculating or inferring from mere suspicion." *Id.* at 13. Clear proof supported the testimony.

We next determine whether the "danger of unfair prejudice substantially outweighed the evidence's probative value." *Id.* at 14. In doing so, we consider "whether there is clear proof the defendant committed the prior bad acts, the strength or weakness of the evidence on the relevant issue, and the degree to which the fact finder will be prompted to decide the case on an improper basis." *Id.* at 9–10 (quoting *Taylor*, 689 N.W.2d at 124). Our supreme court explained, "If the danger of the evidence's prejudicial effect substantially outweighs its probative value, the evidence must be excluded. Weighing probative value against prejudicial effect 'is not an exact science,' so 'we give a great deal of leeway to the trial judge who must make this judgment call.'" *Id.* at 10 (quoting *State v. Newell*, 710 N.W.2d 6, 20–21 (Iowa 2006)).

Here, clear proof of the prior act weighs in favor of admission. *Putman*, 848 N.W.2d at 14. The testimony supports the intent element of the crime and it cuts against Rose's claims that another individual caused the injuries. The evidence supporting the prior bad act is also strong. *See State v. Greene*, 592 N.W.2d 24, 32 (Iowa 1999) (considering strength of evidence in concluding no prejudice warranting a mistrial). Two eyewitnesses corroborated the event, and as the trial court found during the hearing on the defendant's motion in limine, "the evidence is fairly clear and specific." *Compare State v. Spaulding*, 313

N.W.2d 878, 881–83 (holding the probative value of prior acts testimony was strengthened by testimony corroborating the victim's claim), *with State v. Johnson*, No. 99-0557, 2000 WL 1724871, at *4 (Iowa Ct. App. Nov. 20, 2000) (finding the unfair prejudice of the prior-bad-acts evidence substantially outweighed the probative value when the eyewitness was only able to testify the defendant resembled the person associated with the prior act).

There is also a limited danger of unfair prejudice in admitting the testimony. While the evidence of domestic violence can inflame emotions, it was not likely to compel the jury to "decide the case on an improper basis" under these circumstances, as the district court limited the scope of the testimony. *Putman*, 848 N.W.2d at 9–10; *see State v. Richards*, 879 N.W.2d 140, 152 (Iowa 2016) (holding the district court's circumscription of the prior-bad-acts testimony limited its prejudicial effect on the defendant); *Taylor*, 689 N.W.2d at 130 ("Certainly a fact finder, whether judge or jury, would have a tendency to conclude from the defendant's past misconduct that he has a bad character. But that type of prejudice is inherent in prior-bad-acts evidence and will not substantially outweigh the value of highly probative evidence."). Any unfair prejudice caused by the prior-bad-acts testimony did not substantially outweigh its probative value.

After a careful review of the record, we hold the trial court did not abuse its discretion in admitting the prior-bad-acts testimony. The testimony was relevant to the intent element of the crime, and it refuted Rose's defenses. Clear proof

was also established by corroborating testimony, and the probative value of the evidence was not substantially outweighed by unfair prejudice to Rose.

**AFFIRMED.**